UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFRY SCHLOSSER,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : No. 3:19-cv-1380 (SRU) |
| CHANNON ELZEA, et al.,<br>　　　Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER

On September 5, 2019, Jeffrey Schlosser, a pretrial detainee currently confined at the Hartford Correctional Center in Connecticut, brought a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against Probation Officer Channon Elzea, Probation Officer Miriam Mendoza, Attorney Charity Hemingway, and Connecticut Superior Court Judge Kathleen E. McNamara. Compl., Doc. No. 1. As best as I can discern from his complaint, Schlosser seeks damages and injunctive relief against the defendants for acting with deliberate indifference to his medical needs. For the following reasons, his complaint is dismissed without prejudice.

I. Standard of Review

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Analysis

Schlosser is currently charged in two different state cases with violating his probation for a second time, in violation of Connecticut General Statutes § 53a-32. *State v. Schlosser*, No. H12M-CR11-0236734-S (Conn. Super. Ct. Nov. 1, 2018); *State v. Schlosser*, No. H12M-CR12-0237931-S (Conn. Super. Ct. Oct. 30, 2018). In the instant case, he is suing his two probation officers, Elzea and Mendoza, for acting with deliberate indifference to his medical needs by failing to procure treatment for him at the Department of Mental Health and Addiction Services. *See* Compl. at 2-3. He claims that Elzea and Mendoza "sent [him] to the wrong programs" or treatment centers, which did not properly treat his mental illness. *See id.* at 2-3, 11.

To state a plausible Fourteenth Amendment claim that state officials acted with deliberate indifference to his medical needs, Schlosser must allege facts showing:

> that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the . . . detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Taylor v. City of New York*, 2018 WL 1737626, at *12 (S.D.N.Y. Mar. 27, 2018) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)); *see also Garcia v. University of Conn. Health Care Ctr.*, 2018 WL 5830840, at *9 (D. Conn. Nov. 7, 2018). The allegations in the complaint do not state a plausible claim for deliberate indifference to medical needs.

2

Schlosser's complaint consists almost entirely of legal conclusions and arguments as opposed to facts. He has not provided facts showing that Elzea or Mendoza acted recklessly with respect to his medical conditions while they monitored his probation. The complaint is devoid of dates, locations, and descriptions of the event(s) from which I can infer that Elzea and Mendoza violated his constitutional rights. Therefore, I dismiss the claims against those defendants without prejudice, and will permit Schlosser one opportunity to amend his complaint to state a plausible constitutional claim.[1]

Finally, Schlosser's claims against Attorney Hemingway, the public defender who represented him in his prior violation of probation proceeding, and Judge McNamara, who presided over that proceeding, cannot proceed in this action. It is well-established that claims against public defenders are not cognizable in a section 1983 action because public defenders do not act under color of state law when representing their clients and performing traditional attorney functions. *See Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997). As for Judge McNamara, she is entitled to "absolute[] immun[ity] for all claims for damages relating to actions taken in h[er] judicial capacity, whether sued in h[er] individual or official capacity." *Szymonik v. Connecticut*, 2019 WL 203117, at *7 (D. Conn. Jan. 15, 2019) (quoting *LeDuc v. Tilley*, 2005 (WL 1475334, at *6 (D. Conn. June 22, 2005)). Because Schlosser is suing Hemingway and McNamara based on their handling of his violation of probation proceeding, his claims must be dismissed.

---

[1] Schlosser may not use section 1983 as a means to challenge the validity of his prior violation of probation conviction or his pending violation of probation charges. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (section 1983 claim that would necessarily implicate validity of conviction or sentence not cognizable in federal court); *Younger v. Harris*, 401 U.S. 37 (1971) (federal courts should generally abstain from interfering with state criminal proceedings). Moreover, the Second Circuit has held that probation officers are entitled to absolute immunity in suits for damages arising out of their preparation of presentence investigation reports. *Peay v. Ajello*, 470 F.3d 65, 69 (2d Cir. 2006). Thus, to the extent Schlosser wishes to pursue claims for damages against Elzea and Mendoza in an amended complaint, such claims may not run afoul of those jurisdictional principles.

**ORDERS**

(1) The claims against Elzea and Mendoza are **dismissed without prejudice subject to amendment**.  If Schlosser wishes to pursue claims against these two defendants, he may file an amended complaint within thirty (30) days from the date of this Order.  The amended complaint must allege <u>facts</u>, not merely legal arguments, showing how Elzea and Mendoza violated Schlosser's constitutional rights.  Failure to file an amended complaint within thirty (30) days from the date of this Order will result in a dismissal of the complaint with prejudice.

(2) The claims against Attorney Hemingway and Judge McNamara are **dismissed with prejudice**.  Schlosser may not reassert claims against those officials in his amended complaint.

So ordered.

Dated at Bridgeport, Connecticut, this 22d day of October 2019.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge